IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Clarence C. Voigt, | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Adam Hamm, et. al., | ) Case No. 1:16-cv-155 |
| Defendants. | ) |

The plaintiff, Clarence Kenneth Voigt ("Voigt"), initiated the above-entitled action *pro se* on June 8, 2016, with the submission of a complaint. For the reasons that follow, the undersigned recommends that the court dismiss Voigt's complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Voigt's complaint is single-spaced and 16 pages in length. In his complaint, Voigt complains about the North Dakota Insurance Department and how its employees processed/investigated a complaint that he had lodged against his insurer, Combined Insurance Company ("CIC"), following its denial of his claim for insurance benefits. He then goes on to assert the following 14 claims:

Claim No. 1: Defendants collectively exhibited deliberate indifference to Voigt's state and federal rights through their actions.

Claim No. 2: Defendants collectively violated plaintiff's rights under 42 U.S.C. § 1983.

Claim No. 3: Defendant Heidi Tibor exhibited callous indifference to Voigt's civil rights through her actions.

Claim No. 4: Defendants collectively violated North Dakota Insurance laws.

1

Claim No. 5: Voigt suffered severe emotional distress on account of defendants' collective actions.

Claim No. 6: Defendant David Zimmerman violated Voigt's civil rights by "covering" for other defendants who "did not tell the truth."

Claim Nos. 7: Voigt suffered severe emotional distress as a result on account of defendants collective violation 18 U.S.C. § 245.

Claim No. 8: Defendants collectively violated 18 U.S.C. § 241.

Claim No. 9: Voigt suffered severe emotional distress as a result on account of defendants collective violation 18 U.S.C. § 245 .

Claim No. 10: Defendants collectively refused to perform their duties in violation of N.D.C.C. § 32-12.1-106.

Claim No. 11: Defendants collectively Voigt from exercising his civil rights in violation of N.D.C.C. § 12.1-14-05.

Claim No. 12: Defendants collectively violated "N.D.C.C. 82 and 162 Article 1. Declaration of Rights Sec. 1, 9, 10, 20, 22, and 24."

Claim No. 13: Defendants collectively violated N.D.C.C. § 12.123-08.3-09.

Claim No. 14: Defendants collectively violated North Dakota Insurance laws.

He seeks an award of compensatory and punitive damages.

## II. DISCUSSION

### A. Standard of Review

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996); see also Fed. R. Civ. P. 8(a)(2) (requiring that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (directing that *pro se* complaints be liberally construed but with the caveat that courts "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

    **B.    Voigt's Federal Claims**

        **1.    Claims for Monetary Damages**

To state a cognizable claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States by a *person* acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). It is well settled that states and their agencies are not considered "persons" within the meaning of § 1983 and are otherwise immune under the Eleventh Amendment for any claims for damages in an action brought pursuant to 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70 (1989); Alsbrook v. City of Maumelle, 184 F.3d at 1010. It is equally well settled that a lawsuit against state employees in their official capacity is the same as suing the state. Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated

as suits against the State.").

The Eighth Circuit has instructed that a complaint is to be interpreted as including only official-capacity claims when it does not specify in what capacity the plaintiff is suing defendants. Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995); see also Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Here, Voigt has not explicitly stated in what capacity he is suing defendants. Consequently, his claims for damages against defendants for alleged violations of his federal civil rights are for all practical purposes claims against the State, which are barred by the Eleventh Amendment.

### 2. Pleading Deficiencies

In any event, regardless of the capacity in which Voigt is suing defendants, his pleadings are deficient. Voigt is not asserting that defendants failed to process/investigate his claim against CIC or otherwise violated his constitutional rights. Rather, he takes exception with the results of their investigation and then goes on to assert in a conclusory manner that they violated his federal civil rights, citing § 1983 along with 18 U.S.C. §§ 241 and 245, 42 U.S.C. 1986, and 28 U.S.C. § 1443. Absent more, his mere disagreement with defendants and their ultimate findings with respect to his complaint against CIC is not cognizable under the guise of a § 1983 action.

### 3. Respondent Superior Liability

Personal involvement of a defendant is a prerequisite to liability under § 1983 since there is no *respondeat superior* liability under this section. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999). Consequently, the complaint must allege facts that tend to show that an individual defendant was personally involved to allow the suit to proceed against that individual. See, e.g., Blackmon v. Lombardi, 527 Fed. App'x 583, 584-85

(8th Cir. 2013).

Here, it appears that Voigt's inclusion of Adam Hamm as a defendant is predicated solely upon the fact that Hamm was the State Insurance Commissioner at the time Voigt filed his complaint against CIC as there is nothing in the pleadings even remotely suggest that Hamm had any personal involvement in the processing of Voight's complaint against CIC. As Hamm cannot be held liable under the doctrine of *respondeat superior*, he is not amenable to suit under § 1983.

### C. Voigt's Non-Federal Claims

Voigt asserts that defendants violated State Insurance laws generally (Claim No. 4) and N.D.C.C § 32-12.1 -1106 (Claim No. 10), § 12.1-14-05 (Claim No. 11), and § 12.123-08.3-09 (Claim No. 14) in particular.[1] He also asserts common law tort claims of intentional infliction of emotional distress. The court has supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a).

Dismissal of Voigt's federal civil rights claims leaves this case without a federal question upon which to base federal court jurisdiction. This begs the question of whether or not the court should, in its discretion, to continue to exercise its supplemental jurisdiction over Voigt's remaining non-federal claims. See Crawford v. F. Hoffman–La Roche Ltd., 267 F.3d 760, 764 n. 2 (8th Cir.

---

[1] Voigt claims that defendants refused to perform a public duty in violation of N.D.C.C. § 32-12.1-1106. Again, the North Dakota Century Code contains no such statute. Insofar as Voigt may have intended to invoke/cite N.D.C.C. ch. 32-12.1, the undersigned simply notes that this chapter has no application to the state of North Dakota or its agencies. See N.D.C.C. §§ 12.1-02-02 and 32.12.1-03.
    Next, Voigt claims that defendants have prevented him from exercising his civil rights in violation of N.D.C.C. § 12.1-14-05, a criminal statute that does not explicitly provide for a private right of action.
    Voigt goes on to claim that defendants obstructed a government function in violation of N.D.C.C. § 12.123-8.3-09. The North Dakota Century Code contains no such statute. If it was Voigt's intention to rely on N.D.C.C. § 12.1-08-01, it is misplaced. Section 12.1-08-01 criminalizes the act of obstructing the administration of law or other governmental function performed by law enforcement. It does not apply to the alleged conduct at issue in this case. Moreover, it does not explicitly provide a private right of action.
    Finally, Voigt asserts that defendants "have violated N.D.C.C. 82 and 162 Article I. Declaration of Rights Sec. 1, 9, 10, 20, 22 & 24." (Docket No. 5) At this point, the undersigned cannot discern to what provisions of the North Dakota Century Code Voigt is referring. As for Voigt's reference to a Declaration of Rights, the undersigned suspects that Voigt is referring to provisions his insurance policy with CIC. If this is indeed the case, alleged violations of these provisions would not constitute the basis for a cause of action against the North Dakota Insurance Department.

2001) (citing Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 608 n. 6 (1978), for the proposition that federal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*).

Section 1367 authorizes the court to exercise supplemental jurisdiction over non-federal claims arising from the same case or controversy as the federal claim. 28 U.S.C. § 1367(a). Specifically, it provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Id. (emphasis in original).

Section 1367 also provides that the court may decline to exercise supplemental jurisdiction under subjection (a) if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); see also Carlsbad Technology, Inc., v. HIF BIO, Inc., 129 S. Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

This case clearly fits within subsection (c)(3). As discussed above, Voigt's complaint is

devoid of any actionable federal claims over which the court has original jurisdiction, leaving only a myriad of non-federal claims. Consequently, this court may decline to exercise its supplemental jurisdiction over Voigt's non-federal claims and dismiss them without prejudice. See Mountain Home Flight Service, Inc., v. Baxter County, Ark., 658 F.3d 1038, (8th Cir. 2014) ("[T]he district court was within its discretion to decline to exercise supplemental jurisdiction over the two remaining state law claims and dismiss those claims without prejudice. Under 28 U.S.C. § 1367(c), a district court 'may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction....' The district court had original jurisdiction over the § 1983 claims. After the § 1983 claims were dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.").

## III.    CONCLUSION AND RECOMMENDATION

The undersigned **RECOMMENDS** that the court **DISMISS** Voigt's federal claims on the grounds that they are not cognizable under § 1983. The undersigned further **RECOMMENDS** that the court decline to exercise its supplemental jurisdiction over Voigt's non-federal claims **DISMISS** these claims without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 24th day of June, 2016

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court